RONALD LEE GILMAN,
concurring.
Constrained by the rule announced in Cooey v. Strickland, 479 F.3d 412, 421-22 (6th Cir.2007) (Cooey II), I reluctantly concur in the lead opinion. I write separately, however, to express my continuing belief that Cooey II was wrongly decided. Irick alleges that the state of Tennessee’s lethal-injection protocol violates the Eighth Amendment’s prohibition against cruel and unusual punishment because the current protocol — even if properly administered' — has become death by suffocation while the prisoner is insufficiently anesthetized. As a practical matter, Irick’s argument was not viable until evidence became available that substantiated the claim, which did not occur until March 10, 2010. Judge Moore’s dissent in West v. Ray, No. 10-6196, 2010 WL 4576585, at *6 (6th Cir. Nov.4, 2010) (unpublished opinion), explains why:
After Tennessee’s protocol change, the autopsy of Phillip Workman revealed inadequate post-mortem sodium thiopental levels. This single occurrence might have been “an isolated mishap alone,” which “does not give rise to an Eighth Amendment violation.” Baze v. Rees, 553 U.S. 35, 50, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008) (Roberts, J., plurality op.). But on March 10, 2010, the state released the autopsy results for its next-executed inmate, Steven Henley. Henley, too, had deficient sodium thiopental levels, giving West a basis to allege that, as implemented, the lethal-injection protocol violates the Eighth Amendment. Until Henley’s autopsy confirmed the problem, West did not have a cause of action because “the conditions presenting the risk” of suffocation were not “sure or very likely to cause serious illness and needless suffering.” Baze, 553 U.S. at 50, 128 S.Ct. 1520. And prior to the autopsy, “the typical lay person,” Getsy, 577 F.3d at 312, could not have been alerted that the standard three-drug cocktail would suffocate its recipients. The key feature of this case is that West has alleged new evidence showing that the practice of the lethal-injection method in Tennessee has caused extreme pain and suffering, constituting a violation of the Eighth Amendment.
(Emphases in original.)
Irick’s plausible claim is thus foreclosed by the rigid — and in my opinion unrealis *790 tic — rule on when the statute of limitations begins to run in these cases. But because Cooey II is the governing law in this circuit, I have no choice but to concur.